UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MARVELLA RICHARDS,<br><br>　　　　Defendant. | Case: 5:06-50006-06-KES<br><br>UNITED STATES' RESPONSE TO MOTION FOR SENTENCE REDUCTION |

　　　　On March 2, 2015, defendant filed a motion for reduction of sentence (ECF 1119) under 18 U.S.C. § 3582(c)(2) based upon Amendment 782 to the Sentencing Guidelines and United States Sentencing Guidelines § 1B1.10. The United States of America, by and through Stephanie C. Bengford, Assistant United States Attorney, submits the following response:

　　　　1.　　The undersigned agrees that the amendment applies to this case and that defendant is eligible for a sentence reduction.

　　　　2.　　Defendant was originally sentenced on February 22, 2007, to a total term of imprisonment of 235 months. Defendant was found guilty of count 1 of the superseding indictment charging a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii).

　　　　3.　　Below is a chart setting forth the court's original calculation and the amended sentence that the United States of America requests the court enter:

| | Original | Amendment |
|---|---|---|
| Base Offense Level U.S.S.G. § 2D1.1 | 32 | 30 |
| Adjustments for Role in the Offense U.S.S.G. § 3B1.1(b) | 3 | 3 |
| Adjustments for Role in the Offense U.S.S.G. § 3B1.4 | 2 | 2 |
| Adjusted Offense Level (Subtotal) | 37 | 35 |
| Less Acceptance of Responsibility U.S.S.G. § 3E1.1(a) | 0 | 0 |
| Less Acceptance of Responsibility U.S.S.G. § 3E1.1(b) | 0 | 0 |
| Total Offense Level | 37 | 35 |
| Guideline Range (in months) | 235 to 293 | 188 to 235 |

| | | |
|---|---|---|
| Judgment (in months) | 235 | 188 |

4.      Defendant's original total offense level was 37.  The Defendant was in criminal history category II, and held accountable for 5 to 15 kilograms of cocaine resulting in a guideline range of 235 to 293 months.  SOR §§ III, VIII.  Defendant also faced a mandatory minimum sentence of 10 years. PSR ¶ 56.

5.      Application of the retroactive amendment to U.S.S.G. § 2D1.1 reduces the total offense level to 35, and the guideline range to 188 to 235 months based upon criminal history category II.

6.      Defendant was originally sentenced to the bottom of the guideline range; therefore, defendant's sentence under the amendment may be reduced to 188 months, the bottom of the amended guideline range, based upon the original judgment where defendant was also sentenced at the bottom of the guideline range. The amended sentence cannot be lower than the bottom of the amended guideline range.  U.S.S.G. § 1B1.10(b)(2)(A).  The remainder of the sentence remains unchanged.

7.      U.S.S.G. § 1B1.10(b)(2)(C) provides: "In no event may the reduced term of imprisonment be less than the term of imprisonment that the defendant already has served." Defendant was sentenced in February of 2007 so even if her sentence is reduced to 188 months, defendant has not served all her time. Therefore, in the event that the court reduces defendant's sentence, the parties request that the court's order provide that defendant's revised term of imprisonment is a specified number of months.

8.      Pursuant to Fed. R. Crim. P. 43(b), a defendant need not be present if the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Accordingly, the United States requests the court proceed with sentencing without an additional hearing in this matter.

9.      Finally, the court's order may not take effect until November 1, 2015.

Date:  March 24, 2015.

        RANDOLPH J. SEILER
        Acting United States Attorney

        /s/ Stephanie C. Bengford
        _____
        STEPHANIE C. BENGFORD
        Assistant U.S. Attorney
        PO Box 2638
        Sioux Falls, SD 57101-2638
        Phone:  605.357.2341
        Stephanie.Bengford@usdoj.gov